Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorney for Plaintiff*
*and the Putative Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL BARACK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>ATS TAX GROUP LLC, a California limited liability company,<br><br>Defendant. | Case No.: ____________________<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

# CLASS ACTION COMPLAINT

1. Plaintiff MICHAEL BARACK ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant ATS TAX GROUP LLC ("ATS Tax") to stop its illegal practice of making solicitation calls to people on the Federal Do Not Call registry ("DNC"), and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorney.

## NATURE OF THE ACTION

2. Defendant offers tax relief services. As a primary part of its marketing efforts, Defendant places vast numbers of phone calls to consumers.

3. Defendant does not obtain consent prior to placing these calls and called people whose phone numbers were registered on the DNC, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. In response to "a torrent of vociferous consumer complaints about intrusive robocalls," Congress passed the TCPA in 1991. *Barr v. Am. Ass'n of Political Consultants, Inc.*, 140 S. Ct. 2335, 2344 (2020).

5. Among other things, the TCPA instructed the Federal Communications Commission to "prescribe regulations to implement methods and procedures for protecting the privacy rights [of consumers] . . . in an efficient, effective, and economic

manner and without the imposition of any additional charge to telephone subscribers." 47 U.S.C. § 227(c)(2).

6. The TCPA explicitly authorized the FCC to establish a "single national database" of telephone numbers who object to receiving telephone solicitations. *Id*. § 227(c)(3).

7. Accordingly, the FCC established the national DNC Registry, and prohibited any person or entity from initiating any telephone solicitation to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2); *see also* 18 F.C.C.R. at 14039 (also applies to cellular telephones).

8. Despite such strong legislation almost 30 years ago, the same problem persists.

9. To illustrate the scale of the problem facing America, it is estimated that there were over 47 billion robocalls placed in 2018, and 29 billion placed in just the first half of 2019.

10. By placing the calls at issue, Defendant violated the privacy and statutory rights of Plaintiff and the Class.

11. Plaintiff therefore seeks an injunction requiring Defendant to stop their illegal calling, as well as an award of actual and statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

12. Plaintiff Michael Barack is a natural person and is a citizen of Grapevine, Texas.

13. Defendant ATS TAX GROUP LLC is a limited liability company organized and existing under the laws of the State of California.

14. ATS's physical address is 6255 W Sunset Blvd Suite 650, Los Angeles, CA 90028.

15. ATS's registered agent is Registered Agents, Inc., 1401 21ST ST STE R. SACRAMENTO, California, 95811.

## JURISDICTION AND VENUE

16. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

17. This Court has general jurisdiction over Defendant because its principal place of business is in Los Angeles, in this District.

18. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

## COMMON FACTUAL ALLEGATIONS

19. Defendant ATS sells tax relief services.

20. To increase its sales and avoid paying for legitimate forms of advertising, ATS placed calls to consumers.

21. Defendant amassed a list of thousands of phone numbers from unknown sources.

22. Defendant called people numerous times whose phone numbers were registered on the Federal Do Not Call Registry and solicited those people for ATS's tax relief services.

## FACTS SPECIFIC TO PLAINTIFF

23. On August 1, 2025, Plaintiff started to receive unsolicited phone calls from Defendant on Plaintiff's phone.

24. On the call, Plaintiff was solicited for ATS's tax relief services.

25. Plaintiff received 31 such unsolicited phone calls between August 1, 2025 and September 16, 2025.

26. Plaintiff requested not to be contacted numerous times, but Defendant fails to honor Plaintiff's requests.

27. Plaintiff never consented to receive calls from Defendant. Plaintiff had no relationship with Defendant and had never requested that Defendant contact Plaintiff in any manner.

28. These illegal call(s) caused annoyance, wasted time to Plaintiff, and depleted Plaintiff's cell phone battery.

## CLASS ALLEGATIONS

29. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or 23(b)(3) on behalf of Plaintiff and a class and subclass defined as follows:

i. TCPA Class. All persons in the United States who: (1) from the last 4 years to present who (2) Defendant called (3) whose telephone numbers were registered on the National Do Not Call registry for more than 30 days at the time.

ii. Texas TCPA Subclass. All persons in Texas who: (1) from the last 4 years to present (2) Defendant called (3) whose telephone numbers were registered on the National Do Not Call registry for more than 30 days at the time.

iii. Texas Registration Class. All persons in Texas who: (1) from the last 4 years to present (2) Defendant called.

30. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant' subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

31. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

32. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustain damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

33. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

34. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making

final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

35. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

i. Whether Defendant placed phone calls to people whose phone numbers were registered on the Do Not Call registry;

ii. Whether the phone calls solicited Defendant's tax relief services;

iii. Whether Defendant placed phone calls to people in Texas without a Texas Telemarketing Registration Certificate;

iv. Whether Defendant's conduct was *willing* and/or *knowing*;

v. Whether Defendant had consent to contact Plaintiff and the members of the Class;

vi. Whether members of the Class are entitled to treble damages based on the knowingness or willfulness of Defendant's conduct.

36. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient

adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(c)**
**Do Not Call Provision**
**(On behalf of Plaintiff and the Class)**

37. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

38. The telephone numbers of Plaintiff and the DNC Class are registered on the Do Not Call Registry for more than 30 days.

39. Defendant called Plaintiff's and the Class members' DNC-registered telephones two or more times within a twelve-month period without having their prior written consent to do so.

40. Defendant's communications were for the purpose of soliciting Defendant's tax relief services.

41. The foregoing acts and omissions constitute multiple violations of the TCPA, 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2).

42. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

43. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

44. Plaintiff also seeks a permanent injunction prohibiting Defendant and their agents from making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry.

**SECOND CAUSE OF ACTION**
**Violations of Texas Bus. & Com. Code § 305.053**
**(On behalf of Plaintiff and the Texas TCPA Subclass)**

45. Plaintiff incorporates the foregoing allegations as if set forth herein.

46. The foregoing acts and omissions of Defendant constitute multiple violations of the Texas Bus. & Com. Code § 305.053, by placing non-emergency phone calls to Plaintiff's telephone without prior express written consent in violation of 47 U.S.C. § 227 et seq.

47. Plaintiff seeks for himself an award of at least $500.00 in damages for each such violation. Texas Bus. & Com. Code § 305.053(b).

48. Plaintiff seeks for himself an award of up to $1,500.00 in damages for each such knowing or willful violation pursuant to Texas Bus. & Com. Code § 305.053(c).

## THIRD CAUSE OF ACTION
## Violations of The Texas Bus. & Com. Code § 302.101
## Failure to obtain a Telephone Solicitation Registration Certificate
## (On behalf of Plaintiff and the Texas Registration Class)

49. Plaintiff incorporates by reference all the above paragraphs as though fully repeated herein.

50. Defendant placed illegal phone calls to Plaintiff and the putative class without having a valid telephone registration certificate as required under Tex. Bus. Com. Code § 302.101.

51. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such.

52. As a result of Defendant's violations of the Texas Bus. & Com. Code § 302.101, Plaintiff seeks damages of up to $5,000 for each violation, as well as all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing Plaintiff's counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(c), §§ 302.101 and 305.053 of the Texas Bus. & Com. Code;

C. An order declaring that Defendant's actions, as set out above, violate the above provisions *willfully* and *knowingly*;

D. An award of $1,500 per phone call in statutory damages arising from the TCPA § 227(c) for each intentional violation;

E. An award of $1,500 per phone call in statutory damage arising from the Texas Bus. & Com. Code § 305.053 for each intentional violation;

F. An award of $5,000 in statutory damages arising from the Texas Bus. & Com. Code § 302.101 for each intentional violation;

G. An injunction requiring Defendant to cease all unlawful calls;

H. An award of damages, including punitive damages, and costs; and

I. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b) and Civil L.R. 38-1, Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: September 16, 2025 Respectfully submitted,

By: /s/ Mark L. Javitch

Mark L. Javitch (California SBN 323729)
3 East Third Ave. Ste. 200
San Mateo CA 94401
Tel: (650) 781-8000

Fax: (650) 648-0705

Attorney for Plaintiff
*and the Putative Class*